UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORY HAMMOCK,<br><br>                              Plaintiff,<br><br>         v.<br><br>MOVING STATE TO STATE, LLC,<br>And DOES 1-10,<br><br>                              Defendant. | 1:18-CV-05628-SJ-ST |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Cory Hammock ("Plaintiff") respectfully moves this Court to grant default judgment and issue a permanent injunction against Defendant Moving State to State, LLC, (hereinafter, "Defendant MSTS" or "MSTS") on the grounds that said Defendant MSTS failed to answer or otherwise defend against the Complaint in connection with Plaintiff's claims for relief pursuant to the Carmack Amendment, 49 U.S.C. § 14706 *et seq*.; and common law claims of conversion, breach of contract and negligent misrepresentation.

Defendant MSTS operates a website through which it claims to provide moving and relocation services. Plaintiff engaged MSTS to package and transport nearly all of his personal belongings from Virginia to Utah. On September 10, 2018, a team of movers—either MSTS employees or agents/subcontractors of MSTS—packaged Plaintiff's belongings into a truck and then insisted on receiving an additional payment for their services. When Plaintiff refused, the movers immediately departed without providing Plaintiff with a bill of lading, receipts, or other documentation referencing labor or service provided. Plaintiff has repeatedly called MSTS to

ascertain the location of his belongings, and the identity of the movers who made off with them. MSTS has not provided any information and refuses to assist Plaintiff or his counsel in locating his belongings.

Plaintiff served Defendant MSTS with the Complaint, Summons, and related materials through Court-ordered methods pursuant to Fed. R. Civ. P. 4(f)(3). Defendant MSTS received notice and is aware of these proceedings, but nearly three months after Plaintiff filed suit, it still has not responded or otherwise appeared in this action. Accordingly, on November 21, 2018, the Clerk of the Court entered default against it. (See Dkt. No. 11, Exhibit B).

The entry of a default judgment is warranted. First, the Defendant MSTS's default was willful. Defendant MSTS was duly and properly served and its representatives or employees have communicated with the Plaintiff's attorneys, but it has failed to appear in any of these proceedings. Second, Defendant MSTS has no apparent meritorious defense. Third, the level of prejudice to the Plaintiff if the motion is denied is significant: he has been deprived of all his belongings for nearly three months now, and has received no indication whether they will ever be returned.

Likewise, the issuance of a permanent injunction is warranted. As is often the case with personal belongings, these items cannot be easily valued or replaced. They include items of great sentimental value to the Plaintiff. In similar circumstances, federal courts have issued similar injunctions.

Accordingly, Plaintiff respectfully requests that the Court enter a default judgment against Defendant MSTS and refer this matter to a magistrate judge to conduct an inquest on damages and issue a Report and Recommendation, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See also LaBarbera v. Golden Vale Constr. Group,* No. 06 CV 0813, 2007

WL 2071565, at *3 (E.D.N.Y. July 17, 2007) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.").

Further, Plaintiff requests entry of a permanent injunction, as detailed in the Proposed Order attached hereto, directing Defendant MSTS, along with its representatives and persons who are in active concert or participation with it, to return Plaintiff's property and enjoining them from selling, destroying or otherwise disposing of the goods.

### I. STATEMENT OF FACTS

#### A. Procedural History

On October 9, 2018, Plaintiff filed this suit. The Complaint alleges that Plaintiff contracted with Defendant MSTS to package and transport nearly all of his personal belongings from Virginia to Utah, but after MSTS's employees or agents packed Plaintiff's belongings into a truck, they insisted on receiving an additional payment for their services and refused to return his belongings upon his demand.  Plaintiff brought this action alleging: (1) liability for damage to goods shipped in interstate commerce as governed by the Carmack Amendment (49 U.S.C. § 14706 *et seq*.); (2) conversion; (3) breach of contract; and (4) negligent misrepresentation. Plaintiff sought statutory, compensatory and punitive damages, as well as attorneys' fees as provided for by the Carmack Amendment and the common law claims at issue.  Plaintiff also sought injunctive and other equitable relief against Defendant MSTS in order to ensure that his goods would be returned and not sold, destroyed or otherwise disposed. (Dkt. No. 1).

On October 18th, 2018, Paul C. Vinelli served a copy of the Summons and Complaint (Dkt. No. 1) upon MSTS, a New York Limited Liability Company, at its primary place of business located at 75-42 198th Street, Flushing, NY 11366 by personal service upon Natalie

Schmid, who is designated by law to accept service on behalf of Moving State to State, LLC. A copy of Mr. Vinelli's Affidavit of Service is annexed hereto as Exhibit A to the Affirmation of Tanner Bryce Jones.

The time for Defendant MSTS to answer or otherwise move with respect to the Complaint expired on November 7, 2018, and MSTS has not answered or otherwise moved with respect to the Complaint, nor has its time to answer or otherwise move been extended.

On November 13, 2018, Plaintiff requested that the Clerk of Court enter the default of Defendant MSTS pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend this action. Accordingly, on November 21, 2018, the Clerk of the Court entered default against MSTS. See Dkt. No. 11. A copy of the Certificate of Default is annexed to the affidavit of Tanner Bryce Jones as Exhibit B.

Accordingly, Plaintiff now moves the Court to grant default judgment and issue a permanent injunction against MSTS on the grounds that said Defendant has failed to answer or otherwise defend against the Complaint.

**II.     THE COURT SHOULD ENTER DEFAULT JUDGMENT**

Obtaining a default judgment against a party is a two-step process. Under Fed. R. Civ. P. 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once the clerk has entered the party's default, the party seeking default judgment must apply, under Fed. R. Civ. P. 55(b)(2), to the court for a default judgment. The Clerk has already entered default against Defendant MSTS. Entry of a default judgment and permanent injunction against Defendant MSTS is now appropriate.

### A. The Court Should Exercise Its Discretion to Enter Default Judgment and Permanent Injunction Against Defendant MSTS

The decision to enter a default judgment "is entrusted to the sound judicial discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Courts in this district consider three factors when determining whether to grant a default judgment: (i) whether the defendant's default was willful; (ii) whether the defendant has a meritorious defense; and (iii) the level of prejudice to the non-defaulting party if the motion is denied. *See Kaneka Corp. v. Purestar Chem Enter. Co.*, No. 16-CV-4861 (MKB) (SIL), 2018 U.S. Dist. LEXIS 74674, at *6 (E.D.N.Y. May 1, 2018); *see also Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court grant of a default judgment).

In this case, these factors weigh heavily in favor of entering default judgment against Defendant MSTS. First, Defendant MSTS's default was clearly willful. On numerous occasions, MSTS's representatives or employees have responded to emails and phone calls from Plaintiff's counsel, clearly indicating that MSTS is aware of this action. Having received ample notice, MSTS's decision not to appear is plainly willful.

Second, Defendant MSTS does not have a meritorious defense. The action is not time-barred, either under the Carmack Amendment or the state law claims: Plaintiff can be said to have "filed a claim" under the Carmack Amendment on the day that he demanded the return of his belongings from MSTS, and the action was filed just over a month after that. Jurisdiction in this case is clear, as Defendant MSTS claims to be incorporated in New York and the contract was entered into in New York. Nor is there any apparent factual scenario that might absolve Defendant MSTS of its responsibility for the Plaintiff's goods. Finally, Defendant MSTS's own

5

failure to participate in this litigation or respond in any way has deprived this Court the opportunity to assess MSTS's defenses; this weighs in favor of a default judgment. *See Kaneka Corp. v. Purestar Chem Enter. Co.,* 2018 U.S. Dist. LEXIS 74674, at *9 ("[T]he Court is unable to determine whether [Defendant] has a meritorious defense [sic] Kaneka's claim because it did not answer or respond to the Complaint and did not oppose this motion . . . Accordingly, this factor weighs in favor of granting the Plaintiff's application.").

      Third, Plaintiff would be severely prejudiced if this motion is denied. Plaintiff has been deprived of all of his personal belongings for almost three months now. Plaintiff has no idea whether to begin replacing his most essential items, such as his clothing and key pieces of furniture, because Defendants have not provided any information regarding his property. Without knowing whether his belongings will be returned to him or whether he will be compensated for replacements, Plaintiff has been severely inconvenienced. He has been living out of suitcase during the entire life of this action, with no idea what to expect. Moreover, on a procedural level, Plaintiff has already been prejudiced by MSTS's delay in this lawsuit, insofar as MSTS has refused to respond to Plaintiff's complaint in any manner whatsoever; has refused to make its representatives' or employees' individual identities and corporate affiliations known to the Court or to Plaintiff; has refused to engage in discovery or provide any manner of justification for its conduct; and has refused to assist Plaintiff in finding and recovering his belongings.

      In summary, the grounds for default are clearly established. Two months after Plaintiff filed the Complaint, Defendant MSTS has made no appearance in this case and have made no response whatsoever to the Complaint. Plaintiff took numerous steps to provide notice of this lawsuit to MSTS. Given the significant evidence and authority submitted in the Complaint and

6

otherwise in this case, a default judgment is consistent with the policy animating the Federal Rules of Civil Procedure favoring decisions on the merits. Moreover, the discretionary factors discussed above weigh strongly in favor of entering default judgment against MSTS. MSTS should not be able to evade judgment and continue to deprive Plaintiff of all his belongs merely because it has chosen to ignore this action.

### B.    Plaintiff's Requested Damages

Plaintiff respectfully requests that this Court award the following damages: (1) $3,827.69 in reimbursement for amounts paid out under the contract, (2) $10,000 in punitive damages, and (3) $22,716 in attorneys' fees, (4) $687 in costs, and (5) Carmack Amendment damages, to be determined upon Plaintiff's receipt and inspection of the goods.

#### 1.    Breach of Contract Damages

Plaintiff respectfully requests that this Court award $3,827.69 in breach of contract damages. As Defendant MSTS has clearly failed to perform under the contract, Plaintiff is entitled to be repaid the $3,827.69 it paid to Defendant MSTS. See Dkt. No. 1 ¶¶ 56.

#### 2.    Punitive Damages

Plaintiff respectfully requests that this Court award $10,000 in punitive damages. Generally, punitive damages are typically not awarded in a Carmack Amendment claim or a state law claim that would be preempted by the statute. *See Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 379 (2d Cir. 1994) (holding that punitive damages awarded with common law claim that was duplicative of a Carmack Amendment claim were not provided for by the statute and therefore impermissible and preempted).

In this case, however, Plaintiff submits that they are warranted with regards to Plaintiff's negligent misrepresentation, conversion and N.Y. Gen. Bus. Law § 349 claims. This case differs from that of *Cleveland* because here, Plaintiff's state law claims are not merely common law repackaging of their Carmack Amendment claims. First, Plaintiff's negligent misrepresentation and N.Y. Gen. Bus. Law § 349 claims seek to hold Defendant responsible for misrepresenting its prices and its status as a carrier. *See, e.g., Ensign Yachts, Inc. v. Arrigoni*, No. 3:09-cv-209 (VLB), 2012 U.S. Dist. LEXIS 136397, at *7 (D. Conn. Sep. 24, 2012) (granting punitive damages and attorneys' fees for fraud claim brought with Carmack Amendment claims). Second, his conversion claim seeks to hold Defendant responsible for deliberately refusing to return Plaintiff's property upon demand.

Clearly, neither of these claims are merely seeking redress for damages lost or damaged in shipping. These claims address willful violations of property rights and deceptive business practices. Such actions are not preempted by the Carmack Amendment and awarding punitive damages would not "thwart one of the primary purposes of the Carmack Amendment; that is, to provide some uniformity in the disposition of claims brought under a bill of lading," Cleveland, 30 F.3d 373, 379 (2d Cir. 1994), because clearly Congress was not seeking to limit consumers remedies against fraud and willful malfeasance by fly-by-night moving companies.

Plaintiff also notes that New York state courts have awarded punitive damages in nearly identical fact patterns without finding any broad preemption of such awards from the Carmack Amendment. For example, in *Beck v. Moishe's Moving & Storage*, 167 Misc. 2d 960, 965, 641 N.Y.S.2d 517, 520-21 (Sup. Ct. 1995), a New York court awarded punitive damages where a mover had used its temporary possession of plaintiffs' belongings as a means to force them into paying additional sums:

> Defendant operates in a consumer transaction business. The public puts its faith in defendant that defendant will move household goods with care, for an agreed-upon price, and without displays of physical intimidation or threats of nonperformance. An award of punitive damages will impress upon defendant and others similarly situated the importance of avoiding such intentional misconduct in its dealings with the public. For the foregoing reasons, the court hereby orders defendant to pay plaintiffs $10,000 in punitive damages.

Clearly, this is a similar case. It does not just concern lost or damages goods. Defendants have engaged in deceptive business practices and have willfully held goods in an attempt to extract payment that was never agreed to. This conduct goes beyond the scope of the Carmack Amendment's preemption, and clearly warrants punitive damages.

### 3. Attorneys' Fees

Plaintiff respectfully requests that this Court award **$22,716.00** in attorneys' fees. An action for attorneys' fees was properly pled in the Complaint, (Dkt. No. 1, page 9), and there is a statutory basis for attorneys' fees both under the Carmack Amendment (49 U.S.C.A. § 14708(d)) and New York General Business Law § 349, as detailed below. In accordance with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), Jones Law has submitted contemporaneous billing records, setting forth the dates and amount of time during which services were rendered, the hourly rate at which the services were charged, the name of the attorney, and a description of the services performed. See Jones Aff., Ex. D. The rates charged by Jones Law for such services are comparable or less than rates that courts of this District have found to be reasonable. See Jones Aff., ¶¶ 25.

First, Plaintiff claims attorneys' fees under the Carmack Amendment, 49 U.S.C.A. § 14708(d) (1997), which states that a plaintiff is entitled to attorneys' fees if:

> (1) a shipper submits a claim to the carrier within 120 days after the shipment is delivered or the date the delivery is scheduled, whichever is later;
>
> (2) the shipper prevails in such court action; and
>
> (3)(B) a decision resolving the dispute was not rendered through arbitration under this section within the period provided in subsection (b)(8) of this section or an extension of such period under such subsection.

The Plaintiff submitted a claim within 120 days of the scheduled delivery date, the Plaintiff has prevailed in this court action, and the dispute was not arbitrated. Moreover, a shipper may recover attorneys' fees under section 14708 if the carrier fails to provide notice of the availability of arbitration. *Ward*, 231 F.3d at 142. The Plaintiff, therefore, is entitled to reasonable attorneys' fees. *See Zappulla v. Brian P. Walsh Moving & Storage, Inc.*, Civil Action No. 2:02-3811-CWH, 2005 U.S. Dist. LEXIS 43668, at *9 (D.S.C. Nov. 8, 2005) (attorneys' fees awarded in similar Carmack Amendment action).

Second, Plaintiff claims attorneys' fees under New York General Business Law § 349, for "Deceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." Under N.Y. Gen. Bus. Law § 349(h), the court may award reasonable attorneys' fees to a prevailing plaintiff.

### 4. Costs

Plaintiff respectfully requests that this Court award $687 in costs. *See* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute . . . provides otherwise, costs . . . should be allowed to the prevailing party."); *Fireman's Fund Ins. Co. v. Never Stop Trucking, Inc.*, No. 08-CV-3445 (FB) (RER), 2009 U.S. Dist. LEXIS 95165, at *8 (E.D.N.Y. July 31, 2009) (recommending that costs be awarded to prevailing plaintiff with Carmack Amendment claim).

### 5. Carmack Amendment Damages

Plaintiff reserves his right to claim damages under the Carmack Amendment, but submits that at this stage it is premature to evaluate money damages for lost or damaged goods, as provided for by the Carmack Amendment, because it remains unclear whether the goods in question were in fact damaged. Upon receipt of the goods, in accordance with the injunctive relief sought, Plaintiff will determine the amount of such damages due.

Plaintiff respectfully requests that this Court enter an order to this effect.

## III. THE COURT SHOULD EXERCISE ITS DISCRETION TO ENTER A PERMANENT INJUNCTION AGAINST DEFENDANTS

### A. The Permanent Injunction Sought Is Appropriate And Necessary To Prevent The Injury to Plaintiff

Plaintiff is entitled to permanent injunctive relief. "A court may issue an injunction on a motion for a default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d 145, 157 (E.D.N.Y. 2013) (quoting *Kingvision Pay—Per—View Ltd. v. Lalaleo*, 429 F.Supp.2d 506, 516 (E.D.N.Y. 2006)).

As for the first requirement, federal courts considering nearly identical Carmack Amendment claims have granted injunctive relief to prevent shipping companies from selling or destroying unreturned goods. *See, e.g., Zappulla v. Brian P. Walsh Moving & Storage, Inc.,* Civil Action No. 2:02-3811-CWH, 2005 U.S. Dist. LEXIS 43668, at *3-4 (D.S.C. Nov. 8, 2005) (In action under the Carmack Amendment and common law claims for a shipping company that refused to return goods, "the Court temporarily enjoined the defendant from disposing of the plaintiff's goods, and on November 27, 2002, the Court issued a preliminary injunction enjoining

11

the defendant from disposing of the goods."); *Mizell v. Prof'l Transp. Sols., LLC*, No. 4:18CV1706 HEA, 2018 U.S. Dist. LEXIS 197308, at *6 (E.D. Mo. Oct. 19, 2018) (granting motion for default judgment and permanent injunction on Carmack Amendment and conversion claims against shipping company that never returned owners' personal belongings).

A plaintiff seeking a permanent injunction must also demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction*." Kaneka Corp. v. Purestar Chem Enter. Co.,* No. 16-CV-4861 (MKB) (SIL), 2018 U.S. Dist. LEXIS 74674, at *10-11 (E.D.N.Y. May 1, 2018) *(quoting eBay Inc. v. MercExchange, L.L.C*., 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

Plaintiff has suffered an irreparable injury through this lengthy deprivation of his personal belongs, and stands to suffer future irreparable injury if his personal belongings are not recovered. Remedies available at law, such as monetary damages, will not fully compensate for that injury; Plaintiff's belongings include countless keepsakes and other items of sentimental value. An accounting of Plaintiff's various tangible possessions would be difficult and cumbersome to produce. Considering the balance of hardships, a remedy in equity is warranted. Further, the public interest would be greatly served by having the MSTS immediately held to account for its deceptive and deplorable business practices. This is why, when moving companies take clients' belongings and refuse to return them, injunctive relief has been entered by federal courts under the Carmack Amendment. *Zappulla,* 2005 U.S. Dist. LEXIS 43668, and *Mizell,* 2018 U.S. Dist. LEXIS 197308.

Additionally, there is clear precedent for this standard being met in this situation *Zappulla,* 2005 U.S. Dist. LEXIS 43668, and *Mizell,* 2018 U.S. Dist. LEXIS 197308. Both decisions considered Carmack Amendment actions in federal court against interstate moving companies that took individuals' belongings to facilitate their interstate relocation, but refused to return the belongings after the Plaintiff's would not to submit to demands for additional payment. In both cases, federal courts saw fit to order injunctive relief to protect the individuals' personal belongings.

### IV.   CONCLUSION

For all of the foregoing reasons, entry of default judgment in favor of Plaintiff and a permanent injunction against Defendant MSTS is appropriate. Plaintiff respectfully requests that this Court enter a default judgment against Defendant MSTS and refer this matter to a magistrate judge to conduct an inquest on damages and issue a Report and Recommendation, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Further, Plaintiff requests entry of a permanent injunction, as detailed in the Proposed Order attached hereto, directing Defendant MSTS, along with its representatives and persons who are in active concert or participation with it, to return Plaintiff's property and enjoining them from selling, destroying or otherwise disposing of the goods.

Dated: December 6th, 2018
New York, New York

                                                  Respectfully Submitted,

                                                  _____
                                                  T. Bryce Jones
                                                  Jones Law Firm, P.C.
                                                  450 Seventh Avenue, Suite 1408
                                                  New York, NY 10123

                                                                                   bryce@joneslawnyc.com
                                                                                   Telephone: (212) 258-0685
                                                                                   *Attorneys for Plaintiff*