# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORY HAMMOCK,<br><br>                            Plaintiff,<br><br>      v.<br><br>MOVING STATE TO STATE, LLC, STATE TO STATE MOVING NY INC, STATE TO STATE MOVING GROUP LLC, MICKEY MILLER, NATALIE SCHMID and DOES 1-6<br><br>                          Defendant(s). | **1:18-CV-05628-SJ-ST**<br><br>**AFFIRMATION OF T. BRYCE JONES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

Tanner Bryce Jones, an attorney duly admitted to practice law in the courts of the State of New York and this Court, affirms the following to be true under the penalties of perjury:

1. I am the principal of Jones Law Firm, P.C., attorneys for Plaintiff Cory Hammock in the above-captioned action and, as such, I am familiar with the facts set forth below.

2. I submit this affirmation in support of Plaintiff's Motion for a Preliminary Injunction.

3. My office received a phone call at or around 2:30 PM on January 3, 2019 from a woman identifying herself as "Diane" from Moving State to State, LLC, asking to speak with me directly.

4. Based on this call and a subsequent e-mail forwarded to me by the Plaintiff, sent to Plaintiff by Defendants not long before the call, a true and correct copy of which is attached as **Exhibit A**, I have a reasonable basis to believe Plaintiff is in immediate danger of irreparable injury, because Defendants have represented that they intend to auction off Plaintiffs belongings on January 10, 2019.

5. The nature of such potential injury is twofold: a) disposal of personal belongings, some of which are irreplaceable items of sentimental value including but not limited to artwork and an Army dress uniform, and b) constructive fraud.

6. The first speaker in the above-mentioned call informed me that she is a dispatcher at Defendant Moving State to State, LLC.

7. I informed her that there was an active lawsuit against her employer pending for a sizeable amount of money and that I needed to speak to the highest level boss in order to sort this out.

8. This first speaker then transferred me to a man who identified himself as "Joe" ("Doe 1") and a "co-owner of the company."

9. I asked "Joe" if he was aware that a lawsuit had been filed against the company. He stated he had never received any paperwork.

10. I advised "Joe" that we have affidavits of service for the matter and based on them had obtained a Certificate of Default, and that a Motion for Default Judgment was pending for over $40,000.00. I also advised him that we were asking the Court to compel the company to turn over my client's goods.

11. During my prior calls with those identified as managers or principals of the company, I strongly advised them to have counsel reach out to my firm.

12. Before I could also advise "Joe" that his company should retain counsel and have them contact us immediately, he responded that he "did not care" that the company had been sued and that we could "sue him again, sue him until 2050" and that the company would never turn Plaintiff's things over until he paid the additional amount Hammock asked for them, no matter what a judge ordered.

13. Before I could respond, "Joe" stated "you know what? I'm going to shut my company down today. Don't call me anymore" and hung up the phone.

14. I then checked my e-mail and saw an e-mail forwarded from Plaintiff where Defendants had earlier in the day threatened that he needed to contact them by January 4, 2019 or his goods would be "sent to auction."

15. I moved before this Court for a Temporary Restraining Order ("TRO") on January 4, 2019, requiring the Defendants to disclose the name and contact information of any third party in possession of the Plaintiff's property. The TRO was granted. (Dkt. No. 15-4).

16. I moved for another TRO on January 8, 2019, enjoining Defendants from disposing of Plaintiffs personal property and directing Defendants to appear on January 9, 2019. The TRO was granted. (Dkt. No. 19).

17. On the evening of January 8, 2019, after having moved for and been granted a second TRO, and serving such TRO on them via service of process and email, a true and correct copy of which is attached as <u>Exhibit B</u>, I received a response via email at 8:17 pm, which read (in its entirety):

> Hi
>
> For our conversation yesterday this is the address for the storage unit which the customer belongings are stored
>
> Unit number 1031 and 1032
> 109-09 180th St, Jamaica, NY 11365
> Prime storage LLC
>
> Please contact me ASAP in regards to our conversation as far as the settlement

18. Based on this email (Exhibit B), I have a reasonable basis to believe Plaintiff's property is being stored in a storage unit at the above-referenced address, managed by Prime Storage, LLC, a third-party to this action.

19. Based on these facts and past conversations with and conduct of Defendants and their members/managers, and I have a reasonable basis to believe that such property is in immediate danger of irreparable injury, because Defendants have represented that they intend to auction off Plaintiffs belongings on January 10, 2019.

20. Based on these facts and past conversations with and conduct of Defendants and their members/managers, Defendants have identified the location and custodian of the property at issue in this case, but are still threatening to dispose of such property if action is not taken immediately.

21. Defendants and their principals have demonstrated disrespect for the legal system and heavily implied that they will not comply with any Court order nor appear in Court regardless of any order or civil penalty imposed or potentially to be imposed on them by this Court, and that this Court may ultimately have to find them in criminal contempt in order to force them to take responsibility for their actions in regards to the Plaintiff.

22. Defendants have not demonstrated a respect for their legal obligations with respect to their customers' household belongings, and therefore existing legal prohibitions against disposing of Plaintiff's goods will likely be insufficient to prevent their disposal.

23. For the above-mentioned reasons, Plaintiff requests a preliminary injunction and/or TRO to enjoin Defendants as well as the third party in possession of Plaintiff's belongings, identified by Defendants as "Prime Storage LLC", with a facility at 109-09 180th St, Jamaica, NY 11365, from selling, destroying or otherwise disposing of my client's property.

24. Plaintiff further requests temporary *ex parte* relief as against all Defendants newly identified in the Complaint and expedited consideration of Plaintiff's pending Motion for Default Judgment for final relief as against Defendant Moving State to State, LLC.

Dated: January 9, 2019

Respectfully submitted,

/s/ T. Bryce Jones
T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for Plaintiff*