T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com

January 11, 2019
Judge Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Hammock v. Moving State to State, LLC et al.*,
              No. 1:18-cv-05628-SJ-ST: <u>Service of Preliminary Injunction and Compliance Status Report and Request for Bench and Arrest Warrants</u>

Pursuant to the Court's Order dated January 10, 2019, Plaintiff makes the following status report to the Court and affirms under penalty of perjury that the statements made are true to the best of his knowledge and belief:

### **<u>Defendants' Non-Compliance</u>**

Since the Court issued the preliminary injunction continuing the temporary restraining order's prohibition of Defendants disposing of Plaintiff's household goods, we have learned that they may have done just that. The parent of the storage company, upon receiving copies of the Orders and other information about the case, informed us that Defendants came to the storage facility on January 9, 2019 and cleaned out one of the two lockers where Defendants stated to Plaintiff's counsel that Plaintiff's belongings were stored. Defendants have failed to tell Plaintiff's counsel what happened to the contents of this storage unit despite phone calls and e-mails.

## **Individual Defendants' Names**

Plaintiff's counsel identified three individual Defendants who were properly served the Preliminary Injunction pursuant to FRCP 4(e)(1) and CPLR § 308 on January 10, 2019.

The first individual Defendant is Natalie Schmid. On October 18, 2018, while serving process on Defendant Moving State to State LLC at 75-42 198th Street, Fresh Meadows, NY 11366, a process server identified "Natalie Schmid" as a "managing member" of Defendant, Moving State to State LLC, designated by law to accept service. A copy of the Affidavit of Service is attached as **Exhibit A**.

Additionally, the second individual Defendant is Mickey Miller. On November 2, 2018, an individual named "Mickey" called Plaintiff directly claiming to be an owner of Defendant State to State Moving Group LLC. The same Defendant called Plaintiff's counsel on November 14, 2018 claiming the same. Defendant State to State Moving Group LLC's website www.state2statemoves.com also identifies "Mickey Miller" as the founder of State to State Moving Group LLC. An image of this webpage is attached as **Exhibit B**. We have reason to believe "Mickey Miller" is not the legal name of this individual.

The third individual Defendant is Yarin Nadel a.k.a. Joe Miller a.k.a. NY Joe. On January 3, 2019, we received an email from statetostateny@gmail.com containing a company phone number. We called and spoke with a man identifying himself as "Joe," who also stated he was a co-owner of corporate Defendants. On January 7, 2019, a man identifying himself as "Joe Miller" and a co-owner of corporate Defendants left a phone message at Plaintiff's counsel's office. We first associated the name Yarin Nadel with corporate defendants through a phone conversation with the NYS Department of Transportation ("NYS DOT") on January 8, 2019. Upon conducting a social media search, we found an Instagram profile for Yarin Nadel that showed inter alia a tattoo stating "Made in Israel," a hashtag on some of the photos of "#statetostate" and a reference to himself as using the alias "NY Joe." A copy of this Instagram page is attached as **Exhibit C**. The NYS DOT told us that it is common for people owning "shady" moving companies, both licensed and unlicensed, to use assumed names.

Furthermore, when the parent of the storage facility where Defendants stated the Plaintiff's goods are held, told us that one of the units had been cleared

out. They also told us that the units were in the name of "Mike Nadel" who they stated is Yarin Nadel's father. They stated that several of his units are in arrears and in "overlock" status, meaning that they cannot be accessed by the lessees, and that they would place at least one of those units on lockdown (the second unit identified as holding our client's property) for 72 hours by not allowing the lessee to pay the back rent to remove the overlock. Mike Nadel has not yet been identified in a Complaint or served with any notice of motion or order although Plaintiff intends to do so.

## Physical Addresses

The following are three physical addresses that Plaintiff's counsel has reason to believe are associated with the Defendants.

First, 75-42 198th Street, Flushing, NY 11366 was the address listed on the "Contact" page of the Defendant State to State Moving NY Inc's now defunct website www.statetostateny.com. An image of which is attached as **Exhibit D**.

Second, 42-13 163rd Street, Flushing, NY 11358 is the address listed on the "Contact" page of Defendant State to State Moving Group LLC's website www.state2statemoves.com. An image of which is attached as **Exhibit E**.

Finally, 1967 Wehrle Drive, Suite 1 #086, Buffalo, NY 14221 is the address of the corporate Defendants shared Registered Agent, Legalinc Corporate Services Inc. A copy of the New York State entity search results showing such is attached as **Exhibit F**.

## Efforts to Personally Serve Defendants

### Individual Defendants

On January 10, 2019, Plaintiff first attempted to serve the individual Defendants pursuant to FRCP 4(e)(1) incorporating CPLR § 308(1), by personally delivering a copy of the January 9, 2019 Preliminary Injunction (Dkt. No. 21) signed by Senior Judge Sterling Johnson, Jr. (the "Preliminary Injunction"). This attempt was unsuccessful.

Next, pursuant to CPLR § 308(2), Plaintiff attempted to serve the Preliminary Injunction at the individual Defendants' "actual place[s] of business"

as defined by CPLR § 308(6), leaving the Preliminary Injunction with a person of suitable age and discretion at:
1. 75-42 198th Street, Flushing, NY 11366; and
2. 42-13 163rd Street, Flushing, NY 11358.

However, this attempt at personal service was also unsuccessful.

Finally, Plaintiff successfully served the individual Defendants with the Preliminary Injunction pursuant to CPLR § 308(4), after conducting due diligence. The Plaintiff affixed the Preliminary Injunction papers to the door of the "actual place[s] of business" and by first-class mailing at the same "actual place of business" referenced above. A copy of the Affidavits of Service is attached as **Exhibit G**.

### Corporate Defendants

A copy of the same Preliminary Injunction was served on the corporate Defendants pursuant to FRCP 4(h)(1)(B), CPLR §§ 311 and 311-a. Process was served directly on the shared Registered Agent at 1967 Wehrle Drive, Suite 1 #086, Buffalo, New York, 14221. Copies of these Affidavits of Service are attached as **Exhibit H**.

Furthermore, these corporate Defendants were served at their main offices which were also the "actual places of business" of the individual Defendants.

### E-mail Addresses

The following are two of the e-mail addresses that Plaintiff's counsel has used to contact the Defendants throughout the course of this matter.

First, info@statetostateny.com is the original e-mail address used to transmit a Demand Letter on behalf of Plaintiff before the filing of the Complaint. This e-mail address elicited an immediate response from the company.

Next, on January 3, 2019, Plaintiff received an e-mail from statetostateny@gmail.com threatening an imminent auction of his belongings.

### Efforts to Serve via E-mail

On January 10, 2019, Plaintiff e-mailed a copy of the Preliminary Injunction to the following e-mail addresses:
1. statetostateny@gmail.com; and
2. info@statetostateny.com.

On January 4, 2019, Plaintiff e-mailed to Defendants at these e-mail addresses a copy of the Temporary Restraining Order signed by Judge Hall and received a reply almost immediately from one of them. The man believed to be Yarin Nadel acknowledged verbally to Plaintiff's counsel having access to these e-mail addresses and knowledge of the Order that was attached.

### Request for Bench Warrant and Arrest Warrant

Based on i) proper service of successive Court Orders enjoining Defendants from disposing of Plaintiff's household belongings, ii) actual notice of the same Orders, and iii) Defendants' failures to appear in the action, iv) the Certificate of Default and pending Motion for Default Judgment against Moving State to State, LLC on, *inter alia*, consumer fraud grounds, v) phone conversations with one of the Defendants believed to be Yarin Nadel where he expressed his intent not to comply with the law, vi) the fact that Defendants have, in violation of state and federal criminal laws, withheld Plaintiff's belongings for months and refused either to complete the move or turn them over to another company to complete the move, vii) Defendants' non-Compliance with two successive Orders to provide information on where the Plaintiff's goods were held by close of business on January 7, 2019 and 8, 2019 respectively, viii) Defendants' non-Compliance with the Order of January 8, 2019 requiring them to appear on January 9, 2019, ix) apparent non-compliance with the Court's Order prohibiting them from disposing of Plaintiff's goods, x) the likelihood that Defendants will continue to behave in a way that is harmful to the Plaintiff and public at large as well as in violation of any future court Orders, and xi) possibility that some or all Defendants are foreign citizens and flight risks and may never be held to account by any other means, Plaintiff respectfully requests this Court to issue a bench warrant for the individual defendants under this Court's contempt powers and either an arrest warrant or criminal referrals for the individual defendants for violation of state and federal criminal laws.

Dated: January 11, 2019

        Respectfully submitted,

        <u>/s/ T. Bryce Jones, Esq.</u>
        T. Bryce Jones
        Jones Law Firm, P.C.
        450 7th Avenue, Suite 1408
        New York, NY 10123
        (212) 258-0685
        bryce@joneslawnyc.com
        *Attorneys for Plaintiff*