T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com

Jones
Law Firm P.C

March 4, 2019
Judge Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Hammock v. Moving State to State, LLC et al.*,
              No. 1:18-cv-05628-SJ-ST: <u>Status Report</u>

The Court has directed Plaintiff to file a brief status report with the Court by March 4, 2019 indicating the following:

1. When, whether, and by what means Moving State to State was notified of the March 7, 2019 hearing on damages;

2. Whether Plaintiff intends to move for judgment and/or damages against the New Defendants; and

3. Whether, in Plaintiff's view, the March 7, 2019 hearing on damages should proceed, in light of Plaintiff's position on point (2), supra.

As requested, Plaintiff responds with: (A) A general update to the Court and a <u>request to hold the March 7, 2019 hearing date but change its nature to a status conference</u>, and (B), specific responses to the Court's itemized request (as above).

    A. **<u>General Status Update</u>**

Since the Plaintiff's last hearing before the Court, Plaintiff has requested a Certificate of Default (Dkt. No. 24, filed Feb. 12, 2019) against the co-defendants added in its First Amended Complaint (Dkt. No. 14, filed Jan. 4, 2019). The Clerk of Court entered this Certificate of Default (Dkt. No. 25, filed Feb. 20, 2019).

Counsel for the Plaintiff have also continued their efforts to investigate the Defendants and determine: (1) the identity of the alias defendants and the individuals who are Defendant Moving State to State's (and its affiliates named on the Amended Complaint) principals and/or owners, (2) whether the various corporate Defendants are undercapitalized entities and/or "alter egos" of their principals, and (3) the exact location of the Plaintiff's wrongfully-detained belongings, and how such belongings may be recovered by lawful means.

This investigation has yielded some new information. Plaintiff has determined, upon information and belief, that Defendant Moving State to State and its corporate siblings are owned and operated in whole or in part by Yarin Nadel. This identity is corroborated by various sources, both official—including the New York Department of Transportation registry—and unofficial—including Mr. Nadel's social media page that refers to "Moving State to State" in various places. Separately, Plaintiff was previously informed by email that his belongings are being held in two storage containers in Jamaica Queens, and our investigation has determined that his belongings do appear to be at that location, stored under the name "Mike Nadel." The storage company has advised us they believe Mike is Yarin's father. Social media searches have also shown "Natalie Schmid" to refer to herself as "Natalie Schmid-Nadel." The storage company has confirmed that these units have been put on "overlock" for lack of payment, meaning that the registrant cannot access them until arrears are paid for the unit's fees. Fortunately, the storage company has confirmed that the belongings will not be auctioned in the near future.

Plaintiff's counsel has been made aware through conversations recently with other victims of the Nadel family that Green Peace Trucking, LLC, a Pennsylvania company, may be a tortfeasor acting in concert with the Nadels and their corporate shell companies, and may be owned and/or controlled by them in whole or in part.

As a result of these and other findings, Plaintiff advises the Court that it is poised to file the following against the Nadel family, their three corporate shell companies, and an additional corporate defendant in the next week:

- A <u>Third Amended Complaint</u> adding two additional Plaintiffs, Yarin Nadel and Michael Nadel a/k/a Mike Nadel, as well as an a/k/a

designation for Natalie Schmid-Nadel, and other individuals and corporate affiliates as defendants in this Action.

- A <u>Motion for Default</u> against the Defendants added in the Second Amended Complaint.
- A <u>Motion for Sanctions for Contempt</u> against all Defendants in the Second Amended Complaint.
- A <u>Motion for Damages and/or Seizure</u> against Defendant Moving State to State, including a request that the Court award recovery of possession (and/or replevin or an order of seizure) of Plaintiff's belongings (to be seized from the storage unit where such belongings are being held).
- Because the storage locker is registered under the name of the individual defendant "Michael Nadel" (who will be added as co-defendant to the forthcoming Third Amended Complaint), should the Court so require it, Plaintiff will also make its motion for seizure in the alternative as a motion for prejudgment relief against Michael Nadel (specifically, a <u>Motion for Preliminary Injunction for Pre-judgment Order of Seizure</u> pursuant to FRCP 64 and CPLR § 7102).
- Because Plaintiff does not have an address for service upon Michael Nadel, a Motion for a pre-Rule 26 Conference Information Subpoena to be issued to the non-party storage company and its parent seeking inspection of the lockers identified as having Plaintiff's belongings as well as any address on file for Michael Nadel or other Defendants.

**In light of these developments in the case and the related forthcoming motions, the Plaintiff submits that in the interest of judicial economy, the Court should adjourn the March 7 inquest but hold the hearing date and time for a status conference to rule on any issues relating to the information subpoena and service of process. Plaintiff submits that an eight day adjournment would be sufficient given the circumstances, at which point the Court would be able to rule on the inquest as well as all other outstanding motions.** Should the Court so order, Plaintiff will attempt service on or notify all necessary parties to the extent required or ordered by the Court.

Should the Court, in the interests of justice and judicial economy, issue a short order authorizing the Plaintiff to issue a pre-discovery information subpoena for the sole purpose of collecting any addresses the storage company has on file for any Defendants, this would greatly relieve the legal burden on Plaintiff, who may

never recover money for his legal fees or the substantial costs of attempting to serve unrepresented Defendants with multiple motions and court orders who have demonstrated actual notice of proceedings in this Court and have failed to appear despite receiving service of a Court Order to do so.

### B. Specific Responses to the Court's Request.

**1. When, whether, and by what means Moving State to State was notified of the March 7, 2019 hearing on damages.**

Plaintiff has not notified Moving State to State of the March 7, 2019 hearing. Should the court order Plaintiff to do so prior to any future inquest date, he will.

**2. Whether Plaintiff intends to move for judgment and/or damages against the New Defendants; and**

Yes: as detailed above, Plaintiff intends to move for default judgment against the New Defendants and to move for damages against all defaulted Defendants.

**3. Whether, in Plaintiff's view, the March 7, 2019 hearing on damages should proceed, in light of Plaintiff's position on point (2), supra.**

No: as detailed above, the Plaintiff submits that an adjournment is appropriate and in the interest of judicial economy so that the Court can rule simultaneously on various motions to be submitted to the Court.

Should the Court or the Clerk of Court find it necessary to discuss any of the courses of action discussed herein, Plaintiff's counsel is available to submit additional updates or make themselves available for a status conference.

Dated: March 4, 2019

                                            Respectfully Submitted,

                                            <u>/s/ T. Bryce Jones</u>
                                            T. Bryce Jones
                                            Jones Law Firm, P.C.
                                            450 7th Avenue, Suite 1408
                                            New York, NY 10123
                                            (212) 258-0685
                                            <u>bryce@joneslawnyc.com</u>
                                            *Attorneys for Plaintiff*