T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com

Jones
Law Firm P.C

March 21, 2019

Senior Judge Sterling Johnson, Jr.
Magistrate Judge Steven L. Tiscione
United States District Court Eastern District of New York
225 Cadman Plaza East Brooklyn, NY 11201

Re: Hammock v. Moving State to State, LLC et al.,
No. 1:18-cv-05628-SJ-ST

Dear Judge Johnson:

Jones Law Firm, P.C. represents Cory Hammock ("Plaintiff") in the above-identified action against Moving State to State, LLC ("STS"), et al. Because STS has refused to participate in this action and has failed to comply with this Court's order of January 4, 2019 to "disclose to Plaintiff as soon as practicable and no later than by close of business on January 7, 2019, the name and contact information of any third party involved in the storage of the Property" (Dkt. No. 16), Plaintiff is now forced to request leave to conduct discovery prior to a Rule 26(f) conference. In accordance with Local Civil Rules 37.3 and 72.1(c), Plaintiff respectfully requests:

(a) That the Court order subpoenas pursuant to Federal Rule 69 (or in the alternative, Rule 45) to obtain immediate discovery from Prime Storage Jamaica, LLC and Prime Group Holdings, LLC ("Prime Storage"), because Plaintiff needs this discovery in order to identify the location of his belongings, and to ascertain the appropriate damages to be determined in a forthcoming inquest; and

(b) That the Court grant Plaintiff leave to conduct any other discovery reasonably calculated to lead to the discovery of STS's assets and to ascertain the whereabouts of Plaintiff's belongings.

This matter concerns property belonging to the Plaintiff that was converted by STS and is now – according to emails from STS – located in a storage unit in Jamaica, Queens. Plaintiff's Motion for Default Judgment against STS was granted on January 17, 2019, and an inquest was scheduled for March 7 but has recently been adjourned by the Court. However, it will difficult for both the Plaintiff and the Court to properly determine the appropriate amount of damages in this case without knowing whether or not the Plaintiff will be able to recover his converted property. Moreover, Plaintiff intends to seek other post-judgment remedies, but discovery is necessary to confirm the location of the property before Plaintiff can move for seizure or other injunctive remedies.

### A. So-Ordered Subpoena for Inspection of Storage Containers and Related Records.

Plaintiff submits that it is entitled to issue subpoenas under Rule 69, which provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person— including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "Because the scope of Rule 69 discovery includes any information reasonably calculated to lead to the discovery of a judgement debtor's assets, it may necessarily be aimed at non-parties who have information, including financial records, related to those assets." *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 1720, at *17-18 (S.D.N.Y. Jan. 4, 2013). Although this is a unique case, it is clear that discovery to identify the location of the Plaintiff's belongings will aid its recovery on its default judgment against STS. *See, e.g., Toussie v. Allstate Ins. Co.*, No. 14 CV 2705 (FB) (CLP), 2017 U.S. Dist. LEXIS 183603, at *2-3 (E.D.N.Y. Nov. 6, 2017) (so-ordered subpoena issued to storage company to allow "inspection of the contents of several storage units" where the property at issue was believed to be stored there).

In particular, Plaintiff seeks a court-ordered subpoena under Rule 69 to allow the storage unit custodian, Prime Storage, to permit inspection of various storage units (numbered 1031, 1032, 1014, and 1049) to confirm that these units do indeed contain the Plaintiff's property, as represented via email by STS. Plaintiff has already been in contact with corporate counsel for Prime Storage, who has indicated a willingness to cooperate but requires a court-ordered subpoena to allow Plaintiff's counsel access to the storage units in question. The proposed court-ordered

subpoena further requests all documents and records related to individuals or entities in whose name the storage units were registered.

Should the Court find that Rule 69 is inapposite here because there is no *money* judgment on the record (although Plaintiff's counsel has found no authority to support this interpretation of the rule), in the alternative, Plaintiff requests that the court order subpoenas pursuant to Federal Rule 45. Prime Storage Jamaica, LLC and Prime Group Holdings, LLC, have refused to assist Plaintiff without court intervention and the named Defendants have failed to appear in this action. Thus, being required to wait to conduct discovery until after a Rule 26(f) conference would mean the Plaintiff being deprived of his property indefinitely. A party may seek discovery prior to a Rule 26(f) conference on good cause shown. *See* Fed. R. Civ. P. 26(d)(1). "Courts have applied the 'good cause' standard to requests for early discovery where a defendant is in default." *Jessie Steele, Inc. v. Henderson*, No. 17-cv-02179-RS (DMR), 2017 U.S. Dist. LEXIS 142167, at *5-6 (N.D. Cal. Sep. 1, 2017); *see e.g., Tex. GSL Corp. v. Dhindsa*, No. 1:10-CV-00335-LJO-SKO, 2010 U.S. Dist. LEXIS 65753, 2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010) (granting request for early discovery of the defendant, where the defendant was in default); *Antoine v. Boutte*, No. CV 15-561-JWD-EWD, 2016 U.S. Dist. LEXIS 145459, 2016 WL 6138252, at *3-4 (M.D. La. Oct. 20, 2016) (granting request for early discovery of third-parties for damages information relevant to a motion for default judgment). Plaintiff submits that due to 1) the Defendants' recalcitrance to appear in this case 2) the ongoing harm caused to him by the deprivation of his property and 3) the unlikelihood of him being made whole absent the ability to conduct discovery prior to a Rule 26(f) conference, he should prevail on this motion.

### B. Leave to Conduct Any Other Discovery Reasonably Calculated to Lead to the Discovery of STS's Assets, Including to Ascertain the Whereabouts of Plaintiff's Belongings.

In addition to the above-requested so-ordered subpoena, Plaintiff requests leave of the Court to conduct other discovery reasonably calculated to lead to the discovery of STS's assets. As detailed in numerous other filings in this action, Defendant has ignored corporate formalities and has indicated that it intends to evade the execution of any judgment in this action.

In conversations with Plaintiff's counsel, a representative of the Defendants stated in no uncertain terms that he would not comply with any court orders and threatened

to shut the company down that day. (Second Amended Complaint, Dkt. No. 17, ¶ 53). Due to this course of conduct by Defendants' representatives, Plaintiff has a credible belief that they will do everything in their power order to shield their assets – including his converted personal property - from judgment. Accordingly, Plaintiff should be permitted to undertake Rule 69 discovery, including issuing Restraining Notices, to discover the nature and location of Defendants' assets. Absent such permission, Defendants will be able to continue manipulating their various shell corporations to avoid complying with orders of this Court and continue to cause damage to the Plaintiff.

For the foregoing reasons, it is respectfully requested that the Court issue the attached proposed order for discovery to Prime Storage Jamaica, LLC and Prime Group Holdings, LLC, and grant Plaintiff leave to conduct other discovery pursuant to Rule 69 and/or Rule 45.

                                                Respectfully Submitted,

                                                _____
                                                T. Bryce Jones, Esq.
                                                Jones Law Firm, P.C.
                                                450 7th Avenue, Suite 1408
                                                New York, NY 10123
                                                (212) 258-0685
                                                bryce@joneslawnyc.com
                                                Attorneys for Plaintiff