UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORY HAMMOCK,<br><br>                              Plaintiff,<br><br>v.<br><br>MOVING STATE TO STATE LLC, NATALIE SCHMID, STATE TO STATE MOVING NY INC, STATE TO STATE MOVING GROUP LLC, MICKEY MILLER, JOE MILLER and DOES 2-6,<br><br>                             Defendants(s). | 1:18-CV-05628-SJ-ST |

**DECLARATION OF BRYCE JONES, ESQ.
IN OPPOSITION TO ORDER TO SHOW CAUSE FOR *SUA SPONTE* DISMISSAL FOR FAILURE TO PROSECUTE**

    I, T. Bryce Jones, an attorney duly admitted to practice in New York and in this Court, affirms on penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My firm, Jones Law Firm, P.C., represents the Plaintiff in this lawsuit for damages related to a fraudulent moving operation. I submit this declaration in opposition to an Order to Show Cause, brought *sua sponte* by the Court, based on failure to prosecute pursuant to FRCP 41. *See Minute Order* dated Nov. 22, 2019.

**Explanation of Plaintiff's Delay in Prosecuting This Action**

2. Although the case has, to the Plaintiff's great frustration, progressed less than speedily, the reason for this is largely due to defendants' attempts to hamstring the civil justice process through refusal to appear despite contempt orders and use of false names. Any delays on the part of the Plaintiff have been justified and minor compared to the delays caused by Defendants, and the criteria for *sua sponte* dismissal pursuant to FRCP 41 have not been met here.

3. Throughout this matter, the Plaintiff and his counsel have struggled to identify the beneficial owners of the moving company that took his belonging and refused to return them for nearly a year.

4. It was clear from the outset that the perpetrators of this unlawful practice were operating through a variety of similarly-named companies. Moreover, these individuals refused to give their real names, and have even implied to Plaintiff's counsel on one occasion that they would simply avoid liability by closing the company and operating under a different name.

5. The Court is aware, due to a contempt finding it has made against the Defendants, that the Defendants have refused to participate in this litigation.

6. Although the Plaintiff did receive a bench-ordered default judgment against one or more Defendant, this happened prior to the true identities of all corporate and individual parties being known to Plaintiff. Plaintiff's counsel has waited to move forward with an inquest until more has come to be known about all entities and their true beneficial owners, for reasons mentioned above.

7. Only recently, thanks to an enforcement actions brought by the United States Department of Justice (DOJ), has the identity of the owners of the corporate Defendants been definitively determined.  A true and accurate copy of the Consent Decree and Final Judgment in the civil case *U.S. v. Nadel,* No. 1:19-cv-01578-MKB-CLP*,* is attached hereto as Exhibit A. A true and accurate copy of a Daily News article detailing the arrest of two of the Defendants in this action is attached hereto as Exhibit B.

8. Moreover, some of the Plaintiff's delay in prosecuting this Action have been attributable to complexity regarding the appropriate measure of damages.  After the initiation of the above-referenced DOJ enforcement action, the Plaintiff was in negotiation with the Defendants for the return of his belongings.

9. Plaintiff's counsel was also hesitant to go to inquest while those negotiations were ongoing because the outcome could affect the measure of damages.

10. As those negotiations have concluded, no barrier now exists in Plaintiff proceeding with this action.

11. To the extent that there have been any other delays in the prosecution of this Action—such as the delay in filing a motion to amend since Plaintiff's counsel's last appearance before the Court on September 4, 2019—Plaintiff's counsel submits that this has been strictly a result of Plaintiff's counsel's various obligations to its clients and its litigation schedule, and their delays have not been in any way attributable to the Plaintiff Corey Hammock individually.  There has been no intent to abandon the action.

12. For this, Plaintiff's counsel asks the Court's indulgence and submits that the Plaintiff should not be prejudiced on the merits by any such delay.

### **Plaintiff's intentions moving forward**

13. The Plaintiff now plans to amend the complaint to add the aforementioned individuals by their correct names as named defendants. That is the Plaintiff's intended next step in this Action.

14. Once these individuals have been served, Plaintiff's counsel plans to move for a default judgment against them as well, assuming they do not move or otherwise respond.

15. After that, Plaintiff intends to request a damages inquest.

**Factors for dismissal pursuant to FRCP 41**

16. As detailed in the Memorandum of Law filed herewith, I submit that the factors for dismissal pursuant to FRCP 41 have not been met in this case:

    a. The duration of the Plaintiff's failures have been minimal. The Plaintiff has only delayed by several months in filing a motion to amend the complaint. To my knowledge there have been no missed appearances or deadlines in this case.

    b. To my knowledge, the Plaintiff has received no prior notice that further delays would result in dismissal. Were Plaintiff to receive such notice, further steps would have been expedited.

    c. I do not believe that the Defendants is likely to be prejudiced by further delay. The Defendants have neglected to appear in this Action.

    d. Although Plaintiff and his counsel are respectful and cognizant of the importance of alleviating court calendar congestion, we submit that the Plaintiff's right to due process and a fair chance to be heard weigh in favor of allowing this case to proceed.

17. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
December 2, 2019

/s/ Bryce Jones
T. Bryce Jones, Esq.