UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

CORY HAMMOCK,

                Plaintiff,

v.

MOVING STATE TO STATE LLC, NATALIE SCHMID, STATE TO STATE MOVING NY INC, STATE TO STATE MOVING GROUP LLC, MICKEY MILLER, JOE MILLER and DOES 2-6,

                Defendants(s).

1:18-CV-05628-SJ-ST

**MEMORANDUM OF LAW IN OPPOSITION TO SUA SPONTE DISMISSAL FOR FAILURE TO PROSECUTE**

## PRELIMINARY STATEMENT

The Plaintiff respectfully requests that the Court allow this Action to proceed. Dismissal of a case for failure to prosecute is an extreme remedy warranted only in extreme situations. In the instant case, the Plaintiff is guilty of nothing more than a brief delay in amending his Complaint due to outside factors beyond his control. At no time has the Plaintiff failed to comply with court-ordered deadlines nor is he currently in violation of any court order. For the reasons set forth below, the Court should not dismiss the instant Case under FRCP 41.

To the extent the Court has concerns that there is a lack of direction Plaintiff's prosecution of this matter, Plaintiff's counsel has detailed its intended next steps in the Declaration of T. Bryce Jones, ("Jones Decl.") filed herewith (at ¶¶13-15).

## LEGAL STANDARD

FRCP 41 grants the court authority to dismiss a case for lack of prosecution *sua sponte*. However, the Second Circuit has stated that "the discretion to dismiss a case under Rule 41(b) should be exercised sparingly" and only when the district judge is "sure of the impotence of lesser sanctions." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980); accord *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

In reviewing District Courts' decisions to dismiss for lack of prosecution, the Second Circuit considers the following five factors, none of which are dispositive: "(1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001).

## ANY DELAY IN THE INSTANT CASE WAS: 1) CAUSED BY OUTSIDE FACTORS, AND 2) OF INSIGNIFICANT DURATION

In determining the first *Martens* factors, courts in the district analyze two sub-factors. "The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) citing *Martens, supra* at 180.

To the extent any delay can be said to have occurred in the instant case, it is due not the inaction on the part of the Plaintiff but the fact that not one, but two, state actions are unfolding against the same defendants. First, *United States v. Yarin Nadel et al.*, Civil Action No. 1:19-cv-01578-MKB-CLP, was terminated by consent decree a little more than a month ago. Jones Decl. Ex. A. Second, in late October, counsel for Plaintiff became aware that two defendants, Michael and Yarin Nadel, were indicted and arrested for the same acts that make up the subject matter of the instant case. Jones Decl. Ex. B. Counsel for Plaintiff have been in the process of formulating a strategy going forward given the developments of these parallel cases and intend to move forward with filing for leave to amend their complaint to name these heretofore unnamed or incorrectly named parties and pursue relief for the Plaintiff accordingly. Jones Decl. ¶13.

Further, the Second Circuit has ruled that dismissal has not been warranted by delays significantly longer than this one. *See, e.g. U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004) (overturning District of Connecticut order dismissing a case for Plaintiff's 17-month delay in complying with a court order). While shorter delays have been found to warrant dismissal where Plaintiff has failed to comply with a court-ordered deadline (*see, e.g., Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664 (2d Cir. 1980)(dismissal was warranted where Plaintiff did nothing within six-month discovery window set by the Court)), in the instant case, no schedule has been set nor order given that Plaintiff has failed to comply with.

**AT NO TIME WAS PLAINTIFF GIVEN A SCHEDULE OR WARNED THAT FAILURE TO ADHERE TO IT WOULD RESULT IN DISMISSAL**

The Court's Order to Show Cause of November 22, 2019, was the first notice Plaintiff has had that the Court was contemplating moving for dismissal *sua sponte.* At no time was Plaintiff ordered to amend his Complaint within a set time frame. Further, Plaintiff has complied with every Court order compelling an update. Jones Decl. ¶16. Had Plaintiff been aware that the Court was

contemplating such an action, motions to amend the complaint would have been expedited. Jones Decl. ¶16.

### DEFENDANTS WOULD NOT BE PREJUDICED BY FURTHER DELAY

The Defendants, despite being aware of this instant action, have failed to appear. Jones Decl. ¶5. This OTSC for dismissal was filed, *sua sponte*, by the court. As the Defendants have not appeared to articulate any prejudice that this delay has caused them, the only possible prejudice which could exist against them is that which may be presumed from unreasonable delay. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982). In the instant case, the delay is both moderate and excusable, and so the "the need to show actual prejudice is proportionally greater." *Id.* Plaintiff's counsel appeared before this Court on September 4, 2019, less than three months before the Court filed this Order to Show Cause. While certainly there are situations where a three-month delay could cause prejudice to a Defendant, the instant case is not one of them. Even if the Court found that this delay is not excusable, it is certainly sufficiently slight that in order to merit dismissal, actual prejudice must be shown. Absent a Defendant appearing to articulate what that prejudice is, it cannot be presumed from such a moderate and excusable delay.

### PLAINTIFF'S RIGHT TO BE HEARD OUTWEIGHS THE CONSIDERATIONS OF CALENDAR CONGESTIONS

It is well settled that "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996), *see also LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 210 (2d Cir. 2001). No such evidence has been presented here.

### THE COURT HAS NOT ENTERED ANY SANCTIONS AGAINST PLAINTIFF TO DATE

At no time has the Court warned Plaintiff that it considered him to be delaying prosecution, nor has the Court imposed any sanction at all to date. To jump immediately to dismissal without prejudice for a violation Plaintiff was never made aware us would be an abuse of this Court's discretion. Should the Court wish Plaintiff to move the case forward more expeditiously, an order to that effect would suffice.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court not dismiss the instant action with prejudice.

Dated: New York, New York
December 2, 2019

Respectfully submitted,

/s/ Bryce Jones

T. Bryce Jones
Jones Law Firm, P.C.
450 7th Ave. Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com
Attorneys for Plaintiff