UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CORY HAMMOCK,

                Plaintiff,                              **MEMORANDUM AND ORDER**

        v.                                          18-CV-5628 (RPK) (ST)

MOVING STATE TO STATE, LLC, STATE TO
STATE MOVING NY INC, STATE TO STATE
MOVING GROUP LLC, MICKEY MILLER,
JOE MILLER, DIRECT VAN LINES SERVICES
INC., AROUND THE CLOCK MOVING
SERVICES INC., YARIN NADEL, *as assignee of*
JOE MILLER *as assignee of* JOE NADEL,
MICHAEL NADEL, *as assignee of* MICKEY
MILLER,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Plaintiff Cory Hammock brings this action under the Carmack Amendment, 49 U.S.C. § 14706, and state law against defendants Moving State to State, LLC ("STS"), its parent and sibling corporations, and its co-owners, Yarin Nadel and Michael Nadel ("Individual Defendants"). *See* Third Am. Compl. (Dkt. #39). Plaintiff alleges that he contracted with defendants, who operate an interstate moving business, to transport his possessions from Virginia to Utah. Instead of completing the move, defendants allegedly held plaintiff's belongings hostage for a year. After the Individual Defendants failed to appear, plaintiff obtained a certificate of default and moved for default judgment against those defendants. *See* Clerk's Entry of Default (Dkt. #53); Mot. for Default Judgment (Dkt. #56). In a report and recommendation ("R. & R."), Judge Tiscione recommends that I deny the motion for default judgment and dismiss plaintiff's state-law claims. *See* R. & R. (Dkt. #57). For the reasons set

1

out below, I adopt the R. & R. in part and deny the motion for default judgment. I decline to dismiss plaintiff's state-law claims at this time.

## BACKGROUND

I assume familiarity with the underlying facts and procedural history, *see* R. & R. at 2-4, which I describe here only as needed to address plaintiff's R. & R. objections.

On August 24, 2018, plaintiff solicited bids from moving companies to pack, load, and transport his property from Alexandria, Virginia to Salt Lake City, Utah. Third Am. Compl. ¶¶ 16-17. That day, he spoke with a customer service representative for STS who represented the company as a broker and a carrier. *See id.* ¶ 19. A week later, plaintiff contracted with STS to conduct the move. *See id.* ¶ 21.

After the STS team packed plaintiff's belongings into a truck, a member of the team told plaintiff that he owed an additional fee for the move. *See id.* ¶ 23. When plaintiff refused to pay, the team left with their truck full of plaintiff's property. *Id.* ¶ 26. Plaintiff then contacted the Federal Motor Carrier Safety Administration, which informed him that STS had misrepresented itself as a carrier and was registered as a broker. *Id.* ¶¶ 35-36.

On October 9, 2018, plaintiff sued STS in federal court. *See* Compl. (Dkt. #1). Despite plaintiff's efforts to recover his property, defendants allegedly held plaintiff's belongings "hostage" for a year. *Id.* ¶¶ 33-34. Only after the United States Department of Justice brought a civil suit against the defendants did they negotiate a Consent Order to return plaintiff's property. *Id.* ¶¶ 51-56. Plaintiff alleges that some of his belongings were damaged or missing. *Id.* ¶ 56.

During the pendency of this action, plaintiff identified additional defendants and amended his complaint three times. *See* First Am. Compl. (Dkt. #14); Second Am. Compl. (Dkt. #17); Third Am. Compl. The operative complaint brings claims against STS, State to State

Moving NY Inc., State to State Moving Group LLC, Direct Van Lines Services Inc., Around the Clock Moving Services Inc., Yarin Nadel, and Michael Nadel. *See* Third Am. Compl. ¶ 1. It alleges that Yarin Nadel and Michael Nadel are co-owners of STS and the other corporate defendants, and that the corporate defendants are agents or alter egos of STS or the Nadels. *Id.* ¶¶ 5-11.

The operative complaint brings six causes of action against all defendants. Plaintiff identifies defendants as "movers engaged in interstate commerce" and alleges that they are liable under the Carmack Amendment, which permits a person to recover for loss or injury to property caused by a motor carrier or freight forwarder. *See id.* ¶¶ 58-63; 49 U.S.C. § 14706(a). Plaintiff also brings state-law causes of action for conversion, breach of contract, negligent misrepresentation, false advertising, and fraudulent conveyance. *See* Third Am. Compl. ¶¶ 64-91; *see* N.Y. Gen. Bus. L. § 350. Plaintiff seeks to hold the Individual Defendants jointly and severally liable as alter egos of the corporate defendants. Third Am. Compl. ¶¶ 92-103.

On July 31, 2020, plaintiff obtained a certificate of default as to the Individual Defendants. *See* Clerk's Entry of Default (Dkt. #53). Plaintiff then moved for default judgment against the Individual Defendants. *See* Mot. for Default Judgment (Dkt. #56).

On September 2, 2021, Judge Tiscione issued an R. & R. concluding that plaintiff's motion should be denied and plaintiff's state-law claims should be dismissed. Judge Tiscione concluded that the Individual Defendants should be held jointly and severally liable with STS and the other corporate defendants. *See* R. & R. at 7. But Judge Tiscione concluded that the Carmack Amendment preempted plaintiff's state-law claims. *Id.* at 8-11. In addition, Judge Tiscione concluded that plaintiff failed to allege all the elements of a prima facie case under the Carmack Amendment. *Id.* at 12. Judge Tiscione therefore recommended that I deny the motion

for default judgment with leave to renew and dismiss plaintiff's state-law claims without prejudice. *Id.* at 13.

Plaintiff objects to the portion of Judge Tiscione's report that recommends that plaintiff's state-law claims be dismissed as preempted. In his objections, plaintiff argues that—notwithstanding his claims against all defendants under the Carmack Amendment—not all defendants actually qualify as carriers that are covered by that provision. Pl.'s Objections at 1 (Dkt. #59). Plaintiff argues that "[at] a minimum," STS and the Individual Defendants were non-carriers to which the Carmack Amendment does not apply. *Id.* at 2. Plaintiff reasons that the Carmack Amendment cannot preempt plaintiff's state-law claims as to those defendants. *Id.* at 1-2.

## LEGAL STANDARD

I. **Report and Recommendation**

The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue "is dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, then the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

Those parts of an R. & R. that are uncontested or are not properly objected to may be reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a

4

mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

## II. Default Judgment

Federal Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted). First, the party moving for a default judgment must obtain entry of default against the party who has failed to defend under Rule 55(a). *See Mickalis Pawn Shop*, 645 F.3d at 128; Fed. R. Civ. P. 55(a). Then, the moving party must obtain entry of a default judgment under Rule 55(b). *See Mickalis Pawn Shop*, 645 F.3d at 128; Fed. R. Civ. P. 55(b).

Before entering a default judgment under Rule 55(b), a court must determine whether the moving party's allegations "establish [the defaulting party's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The court must take the moving party's "factual allegations as true and draw all reasonable inferences in its favor," *ibid.*, because "default is deemed to constitute a concession of all well pleaded allegations of liability," *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1991).

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Three factors inform whether a default judgment is warranted: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 266 (E.D.N.Y. 2019).

5

**DISCUSSION**

For the reasons explained below, I adopt the R. & R. in part and deny the motion for default judgment.

**I.     The Individual Defendants are alter egos of the defendant corporations.**

I find no clear error in Judge Tiscione's conclusion that the Individual Defendants are alter egos of the defendant corporations. *See* R. & R. at 7. Therefore, I adopt Judge Tiscione's recommendation that the Individual Defendants be held jointly and severally liable with the defendant corporations.

**II.    Dismissal of plaintiff's state-law claims is not warranted.**

Based on plaintiff's allegation that some defendants are not in fact "carriers" under the Carmack Amendment, I decline to dismiss plaintiff's state-law causes of action at this time. The Carmack Amendment "governs the liability of motor carriers for loss or damage to goods transported in interstate commerce." *AIG Eur. (Netherlands), N.V. v. UPS Supply Chain Sols., Inc.*, 765 F. Supp. 2d 472, 481 (S.D.N.Y. 2011); *see* 49 U.S.C. § 14706(d). "As a threshold matter," the enactment "imposes liability on 'carriers' but not on 'brokers,' as those terms are defined by the statute." *AIG Eur.*, 765 F. Supp. 2d at 482-83 (citation omitted).

"The difference between a carrier and a broker is often blurry." *Id.* at 483 (citation omitted). The statute defines the term carrier as "a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3). "The term 'motor carrier' means a person providing motor vehicle transportation for compensation." *Id.* § 13102(14). The term broker means "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." *Id.* § 13102(2). The implementing regulation further specifies that "[m]otor carriers . . . are not

6

brokers . . . when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2(a).

Because the Carmack Amendment "establish[ed] a single uniform regime for recovery by shippers directly from the interstate common carrier," *Project Hope v. M/V IBN SINA*, 250 F. 3d 67, 73 n.6 (2d Cir. 2001) (alterations, internal quotation marks, and citation omitted), the statute "preempts all state law on the issue of interstate carrier liability," *Aviva Trucking Special Lines v. Ashe*, 400 F. Supp. 3d 76, 79 (S.D.N.Y. 2019). However, "[b]ecause the Carmack Amendment does not apply to brokers, courts have held that Carmack's preemption of state law claims does not extend to brokers." *JAS Forwarding (USA), Inc. v. Owens Truckmen, Inc.*, No. 17-cv-03589 (ADS)(AYS), 2017 WL 5054715, at *6 (E.D.N.Y. Nov. 1, 2017). Accordingly, plaintiff's state-law claims against any carrier relating to the loss or damage of his property are preempted. *See* R. & R. at 8-11. But plaintiff's claims against brokers and other non-carriers are not necessarily preempted.

Applying these principles, I decline to dismiss plaintiff's state-law claims at this time. Well-pleaded allegations of liability are assumed true on a motion for default judgment. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). But "[a] fact is not considered well-pleaded for purposes of a motion for default judgment if it is inconsistent with other allegations of the complaint." *J & J Sports Prods., Inc. v. Brentwood Veteran War Memorial, Inc.*, No. 17-CV-06833 (ADS) (GRB), 2019 WL 4126469, at *9 n.18 (E.D.N.Y. Aug. 30, 2019) (internal quotation marks and citation omitted); *see Wilmington PT Corp. v. Gray*, No. 19-CV-1675 (AMD), 2020 WL 7684876, at *4 (E.D.N.Y. Oct. 22, 2020), *report and recommendation adopted by* 2020 WL 7296858 (E.D.N.Y.

Dec. 11, 2020). And "[a]n allegation made indefinite . . . by other allegations in the same complaint is not . . . well-pleaded" on a motion for default judgment. *Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679, 683 (S.D.N.Y. 1969), *modified on other grounds*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973).

Given these rules, plaintiff's complaint is not well-pleaded as to defendants' status as either brokers or carriers. Plaintiff's complaint alleges that all defendants are both. Plaintiff begins by alleging defendants' employee represented defendants as "a broker *and* a carrier service." Third Am. Compl. ¶ 19 (emphasis added). Plaintiff elsewhere suggests defendants are carriers—that is, are "providing motor vehicle transportation for compensation," 49 U.S.C. § 13102(14)—when he alleges that defendants are "movers engaged in interstate commerce," Third Am. Compl. ¶ 60, and that an "employee represented defendants as "capable of *conducting* a full door-to-door move," *id.* ¶ 19 (emphasis added). But he then separately alleges that defendants are "registered only as a broker," that defendants' "representations . . . regarding its carrier status" were untrue, that "[d]efendants made those representations without reasonable grounds for believing the representations to be true," and that defendants "have privately asserted to [p]laintiff that they are not, in fact, a mover or carrier but a broker." *Id.* ¶¶ 36, 78, 87. This array of inconsistent allegations concerning defendants' status makes it impossible for the Court to reach conclusions, on a motion for default judgment, as to whether defendants are carriers or brokers. *See Brentwood Veteran War Memorial*, 2019 WL 4126469, at *9 n.18; *Hughes*, 308 F. Supp. at 683. Accordingly, I cannot conclude at this stage that the Carmack Amendment applies to any defendants such that plaintiff's state law causes of action are preempted. *See also Schenker, Inc. v. Arnoff Moving & Storage, Inc.*, No. CV 17-2967 (SJF) (AKT), 2018 WL

8

2075290, at *8 (E.D.N.Y. Feb. 21, 2018).  Plaintiff's state-law causes of action will not be dismissed at this time.

**III.     Plaintiff's motion for default judgment is denied.**

Plaintiff does not object to Judge Tiscione's recommendation that I deny the motion for default judgment.  Accordingly, I review Judge Tiscione's recommendation that I deny the motion for default judgment for clear error.  Having found none, I adopt Judge Tiscione's recommendation.  In particular, I adopt the section of the R. & R. in which Judge Tiscione reasoned that default judgment was unwarranted with respect to plaintiff's Carmack Amendment claim because plaintiff's failure to allege an amount of damages meant that plaintiff failed to establish a prima facie case under that provision. R. & R. at 11-13.  Default judgment on the Carmack Amendment claim would also be unwarranted for the additional reason that, as explained above, plaintiff has not adequately pleaded that defendants are carriers.

In concluding that default judgment should be denied as to plaintiff's state-law claims, Judge Tiscione appears to have relied on the premise that all defendants are carriers. R. & R. at 8-12.  As I already explained, plaintiff has not adequately pleaded that all defendants are carriers because the complaint contains inconsistent allegations regarding defendants' status.  Still, as a result of that inconsistency, plaintiff has not adequately pleaded that any defendants are non-carriers, either.  As a result, default judgment would not be appropriate on plaintiff's state-law claims.  Accordingly, I agree with Judge Tiscione's denial of a default motion on those claims, as well.

## CONCLUSION

Judge Tiscione's report and recommendation is adopted in part. Plaintiff's motion for default judgment is denied. I decline to dismiss plaintiff's state-law claims at this time.

SO ORDERED.

                                                    */s/ Rachel Kovner*
                                                   RACHEL P. KOVNER
                                                   United States District Judge

Dated: September 26, 2020
       Brooklyn, New York