November 28, 2022

Jones
Law Firm P.C

*via CM/ECF*

Hon. Steven L. Tiscione, Magistrate Judge
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    Hammock et al. v. Moving State to State, LLC, *et al.*
             EDNY Case No. 18 Civ. 05628 (RPK) (SLT)

Dear Magistrate Tiscione:

    We are counsel for Plaintiffs and write regarding Defendants' repeated failure to respond to Court-ordered discovery demands that were served in June of this year. Because Defendants have systematically failed to respond to these demands, we sought the Court's intervention by letter dated October 12, 2022 (Dkt. No. 80)[1]. Further to that letter, all parties appeared before the Court for a conference on October 20, 2022, wherein Your Honor ordered: "Defendants shall respond to Plaintiffs' outstanding discovery requests within 30 days…" (Dkt. No. 82). Defendants did not serve their responses on November 21, 2022, as ordered and, therefore, defied yet another Court Order.

    Given Defendants' repeated and willful failure to respond to Court-ordered discovery, Plaintiffs respectfully request that this Court award the attorney's fees incurred in seeking this relief, strike

---

[1] As set forth in our October 12th letter, Plaintiffs commenced this action to recover damages for, among other things, fraudulent moving services that Defendants allegedly provided. On June 23, 2022, we served Interrogatories and Requests for Production upon Meir Moza, counsel for all Defendants who have appeared herein. As we did not receive a response or a request for an extension, we sent a good faith letter to Mr. Moza on August 29th (Ex. A). On October 11th, we followed up, via e-mail, with Mr. Moza regarding the outstanding responses, and we reiterated that we cannot depose his clients by the October 31st discovery deadline due to their failure to respond. Mr. Moza replied that the Jewish holidays have impeded his and his clients' ability to respond. He failed to give any specific date by which we could expect responses, despite our asking twice.

Defendants' Answer, and enter a default judgment against them pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, which provides, in relevant part, as follows:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient part; or….

Fed. R. Civ. P. 37 (West).[2]

---

[2] See also *Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 349-54 (1909) (court had power to strike a party's answer and enter a default judgment against it for failing to comply with discovery order, as the party's noncompliance created a "presumption of fact as to the bad faith and untruth of an answer to be gotten from the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause.").

In this case, striking the Defendants' Answer and entering a default judgment is warranted. The facts that gave rise to this case also prompted the United States Justice Department to file a criminal action against the very same Defendants in this Court, and on June 24, 2021, all Defendants pleaded guilty to Count VI of the indictment, which supports Plaintiffs' claims herein. See *United States v. Nadel,* No. 19 Cr. 00493 (E.D.N.Y.) (Vitaliano, J.) at Dkt. No. 46.

County VI of the Indictment, to which Defendants plead guilty, provides:

> In or about and between February 2018 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL NADEL and YARIN NADEL, also known as "Joe Nadel," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud customers and potential customers of the State to State Companies, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

*See* 1:19-cr-00493, Dkt. No. 1.

Defendants' guilty plea constitutes an admission to the civil claims asserted by Plaintiffs and is dispositive with respect to liability. *See, e.g., Merchants Mut. Ins. Co. v. Arzillo,* 98 A.D.2d 495 (1984) (granting summary judgment in civil action, based on facts admitted in a guilty plea, as the doctrine of collateral estoppel precluded the defendant from re-litigating issues encompassed by his guilty plea).

Given the foregoing, this is a case in which liability is simply not an issue. Thus, it is imperative to strike the Defendants' Answer and enter Default Judgment against them, as they clearly do not intend to

participate in discovery. In fact, Defendant Michael Nadel has never even answered, and a Motion for a Default Judgment against him has been drafted and will be filed shortly.

Respectfully submitted,

/s/ Bryce Jones
T. Bryce Jones, Esq.
**Jones Law Firm, P.C.**
1270 6th Avenue, 7th Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for Plaintiffs*

CC (*via CM/ECF*):

Meir Moza, Esq.
**Law Offices of Meir Moza & Associates**
217 Willis Avenue
Mineola, NY 11501
(516) 741-0003
mmozaesq@hotmail.com
*Attorneys for Defendants*