UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CORY HAMMOCK, ANGELA BYNUM, and
ANGIOLINA ULERIO-URBAEZ,

Plaintiffs,

MOVING STATE TO STATE LLC, STATE TO
STATE MOVING NY INC, STATE TO STATE
MOVING GROUP LLC, DIRECT VAN LINES
SERVICES INC., AROUND THE CLOCK
MOVING SERVICES INC., GREEN PEACE
TRANSPORTATION LLC, YARIN NADEL, and
MICHAEL NADEL and UNKNOWNS 1-100,

Defendants,  Index No.: 18 CIV 05628

-----------------------------------------------------------------

# DEFENDANT'S COUNTER-STATEMENT IN RESPONSE TO PLAINITFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56.1

## PRELIMINARY STATEMENT

1. Opposing Counsel had filed a letter on November 28, 2022 requesting that this Honorable Court strike the Defendants' answer as well as enter into a default judgment against the Defendants.

2. Ultimately, Counsel's request to strike the Defendants' Answer and enter into a default judgment against the Defendants, pursuant to Rule 37(b)(2)(a) of the Federal Rules of Civil Procedure, is unwarranted and unsubstantiated while, accordingly, being another way of Counsel to harass and vex the Defendants with superfluous requests.

## I. DEFENDANTS REPLY TO PLAINITFFS' COUNTER STATEMENT

## PURSUANT TO RULE 56.1 B

3. There is, with certainty, a dispute in material facts in the case at bar.

4. The Plaintiffs' claim that On June 24, 2021, the Individual Defendants, specifically Yarin Nadel, plead guilty to Count VI of a Criminal Indictment filed by the United States in this Eastern District (United States v. Nadel, No. 19 Cr. 00493 (E.D.N.Y.) (Vitaliano, J.)

5. Moreover, the Plaintiffs' claim that "the Defendant engaged in a scheme to defraud customers and potential customers, Yarin Nadel, together with others including the Corporate Defendants, marketed their services on the internet as interstate moving brokers and/or carriers". The Defendant contests these claims as these are not the same claims which are underlying his guilty plea.

6. Most important, the Plaintiffs' state the Defendants' guilty plea constitutes an admission to the civil claims asserted by Plaintiffs and is dispositive with respect to liability on a motion for Summary Judgment. The Defendant, again, refutes and contests these claims as the guilty plea are not for the same set of facts or stemming from all the same Plaintiffs associated with the case at bar.

7. The Defendant, Yarin Nadel, contests all these facts and the facts which this case relies on as outlined in the Plainitffs' summons and complaint.

8. Upon completion of discovery and review of all the documents in possession of the Defendant in the case at bar, it will show that the liability of the Defendant, with respect to the Plaintiffs' civil claims against him, is a material fact which is disputed by him .

9. The Defendant, Yarin Nadel, does not contest that in fact he did plead guilty to Count VI of a Criminal Indictment filed by the United States in the Eastern District Court of New

York.

10. However, the court should not turn a blind eye to the fact that the circumstances resulting in the plea are completely different circumstances with respect to the civil case at bar.

11. Specifically, indeed the Defendant, Yarin Nadel, had been one of the operators of the corporate entities listed in this matter, however his duties under said corporation had been limited and his liability had been limited as well, said liability being a material fact in dispute.

12. Moreover, the Defendant, Yarin Nadel, has specific documents in his possession, which he is in the process of providing on or before the February 23, 2022 discovery deadline issued by the court, which show that in dealing with these individuals Plaintiffs' in the class action suit, he had provided them with alternate dispute resolutions of his services, contrary to what is claimed in the Plaintiffs' Complaint.

## II. DEFENDANTS' REPLY TO REQUEST FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56.1 B

13. Again, the Plaintiffs' claim that Most important, the Plaintiffs' state the Defendants' guilty plea constitutes an admission to the civil claims asserted by Plaintiffs and is dispositive with respect to liability on a motion for Summary Judgment

14. The Defendants' contend this statement made by Plaintiffs' as the Plaintiffs' do not meet the requirements for obtaining a Summary Judgement against the Defendant, Yarin Nadel.

15. The higher courts have held that "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law '" (See. *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); accord Jaffer v. Hirji, 887 F.3d 111, 114 (2d Cir. 2018)*.

16. In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial " (See. *McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007)* (internal quotations and citations omitted); (See also *Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009)* ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." (emphasis added; internal quotations and citation omitted)).

17. In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party" (See. *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, 868 F.3d 104, 109 (2d Cir. 2017)*, and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." (See *Davis-Garett v. Urban Outfitters, Inc., 921 F.3d 30, 45 (2d Cir. 2019)* (quotations and citation omitted); (See also *Hancock v. County of Rensselaer, 823 F.3d 58, 64 (2d Cir. 2018)* ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party.").

18. Moreover, "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" (See *Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)*); accord Baez v. JetBlue Airways Corp., 793 F.3d 269, 274 (2d Cir. 2015).

19. The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact (See. *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013)* (quotations, brackets and citation omitted); accord Jaffer, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007) (quoting Matsushita Elec., 475 U.S. at 586-87), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" Miner v. Clinton County, N.Y., 541 F.3d 464, 471 (2d Cir. 2008).

20. The higher courts have held that the nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party" (See *Lyons v. Lancer Ins. Co., 681 F.3d 50, 56 (2d Cir. 2012)*.

21. Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted" (See. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)*.

22. In the case at bar, there are numerous issues of material fact which the Defendant, Yarin Nadel, is contending.

23. Specifically, it has not yet been determined which corporate entity the Plaintiffs had been dealing with with respect to their business dealings with the Defendants, had it been the corporate entity operated by Michael Nadel or the entity operated by Yarin Nadel, which further calls into question the issue and contention of liability in this case.

24. Moreover, the Defendant, Yarin Nadel, upon completion of discovery, will be providing

documentation and documentary evidence which will show that any damages which the Plaintiffs' are claiming in their complaint are contributory by the Plaintiffs' own actions.

25. Specifically, the documents which the Defendant, Yarin Nadel, will provide in discovery and which he relies on as a defense in this matter will show that the Plaintiffs had refused to obtain the items and therefore the corporation was forced to put the items into storage, no customer was deliberately deprived of their items, that the customers had agreed upon all pricing, estimates, and/or quotes provided by the Defendant, that the customers in the complaint were refusing to pay the Defendant for services rendered, and that the customers in the complaint were provided communications throughout the entire process of their business dealings with the Defendant.

26. Moreover, the Plaintiffs are also claiming that the Defendant had utilized the corporate entity to defraud and/or scheme the Plaintiffs and the Defendant, Yarin Nadel, contests this as the companies which he had operated were legitimate business entities with legitimate business practices.

27. Additionally, the Defendant will show that the "employees" which the Defendant are referring to are not actual employees of any of the business entities operated by the Defendant, Yarin Nadel, but rather independent contractors.

28. The aforementioned are a sample of the numerous allegations which the Defendant, Yarin Nadel, is contesting with respect to this complaint and, pursuant to the standard of the higher court, the Plaintiff does not meet the burden or requirement for a motion for Summary Judgement.

### III. DEFENDANTS' REPLY TO PLAINTIFFS' CLAIM THAT DEFENDANT'S

## PLEA IS EQUIVALENT TO AN ADMISSION OF

## CIVIL LIABILITY JUDGMENT PURSUANT TO RULE 56.1 B

29. The Plaintiffs' claim that the Defendant's plea to count IV of the Criminal Indictment is sufficient to grant a Motion for Summary Judgement as liability is clearly established.

30. These claims by the Plaintiffs' raise numerous issues.

31. The first being whether the Defendant's plea affords him the right of Collateral Estoppel.

32. The higher courts have held that, with respect to Collateral Estoppel, that a majority of courts within this district do not prevent the Defendant from contesting a civil dispute despite pleading guilty in a criminal indictment (See. *Goodridge v. Harvey Group Inc., 728 F.Supp. 275*); (See Also. *Bernstein v. IDT Corp., 638 F.Supp. 916 (S.D.N.Y.1986)* (holding collateral estoppel in a subsequent civil case only if shown that facts were necessarily found by a jury which previously convicted defendant of crime); (See further *Teachers Ins. and Annuity Ass'n v. Green, 636 F.Supp. 415 (S.D.N.Y.1986)* (judgment requiring defendant, who pled guilty to violations of mail fraud statute, to make restitution of embezzled funds, in part pursuant to payment schedule, did not have collateral estoppel effect with respect to victims' subsequent civil action for restitution, where payment schedule was not equivalent in present value terms to present judgment for remaining balance).

33. Additionally, the standard of review of whether a guilty plea constitutes civil liability is (1) the issue sought to be litigated is identical to one decided in a prior action; (2) that issue was actually litigated in the prior action; (3) the determination of the issue was essential to the final judgment in the prior action; and (4) the party against whom estoppel is invoked had a full and fair opportunity to litigate the issue in the prior action.(See. *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V., 914 F.2d 900, 906 (7th Cir.1990)*.

34. Foremost, in this matter the Defendant, Yarin Nadel's, plea does not constitute litigation as the matter was not presented before a jury for trial.

35. Moreover, a majority of the facts stated in the complaint do not comport with the facts which had been presented in the criminal indictment, except for Plaintiffs' counsel superficially stating it was done so.

36. Furthermore, by granting any sort of summary judgment against the Defendant, Yarin Nadel, it will prevent him from contesting numerous allegations, which are material to the Plaintiffs' complaint and are not the same set of facts stemming from his guilty plea, which based on the documentary evidence to be provided in discovery are untrue and misrepresented to the court by the Plaintiffs.

## IV. **CONCLUSION**

37. Ultimately, the Plaintiffs' request for summary judgment prior to the completion of discovery is premature and unwarranted.

38. Numerous issues in the complaint are being contested by the Defendant, Yarin Nadel, as briefly outlined herein.

39. Additionally, the facts alleged in the Plainitffs' complaint are not the same facts underlying the Defendant's guilty plea in the Eastern District Court.

40. Moreover, the Plaintiffs' have failed to meet the pre qualifications for filing of a motion of summary judgment against the Defendant as numerous material facts are in dispute.

**WHEREFORE, Defendant requests that this honorable court DENY the Plaintiffs' request for Pre Motion Conference and for this case to proceed with discovery.**

Dated: Mineola, New York
       December 20, 2022



MEIR MOZA, ESQ.

Law Offices of Meir Moza
*Attorneys for the Defendants*
217 Willis Ave.
Mineola, NY 11501
(516) 741-0003