UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CORY HAMMOCK; ANGELA BYNUM;
ANGIOLINA ULERIO-URBAEZ; and
GREEN PEACE TRANSPORTATION, LLC,

                Plaintiffs,                       **MEMORANDUM AND ORDER**
                                                                                   18-CV-5628 (RPK) (ST)

        v.

MOVING STATE TO STATE, LLC; STATE
TO STATE MOVING NY INC.; STATE TO
STATE MOVING GROUP LLC; MICKEY
MILLER; JOE MILLER; DIRECT VAN
LINES SERVICES INC.; AROUND THE
CLOCK MOVING SERVICES INC.; YARIN
NADEL; and MICHAEL NADEL,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Plaintiffs allege that they were victimized by a fraud scheme in which defendants would contract to provide moving services and then demand additional payment from customers after their belongings had been loaded into the moving truck or van. They bring claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, and New York law. After plaintiffs filed suit, defendants Yarin Nadel and Michael Nadel pleaded guilty to conspiracy to commit wire fraud in connection with a fraudulent scheme involving their moving companies. Plaintiffs now move for summary judgment, arguing that defendants' guilty pleas establish their liability in this civil action. But plaintiffs have not established that defendants pleaded guilty to conduct that involved the plaintiffs. Accordingly, the motion is denied.

## BACKGROUND

       The Court assumes familiarity with the facts of this case. In short, defendants operated an interstate moving business. Fourth Am. Compl. ("FAC") ¶ 2 (Dkt. #65). According to the

1

complaint, defendants had a practice of loading property into moving trucks and then demanding extra payment. *Id*. at ¶¶ 36–37. When customers refused to pay, defendants placed the items in storage and threatened to sell the items at auction. *Id*. at ¶¶ 38–39. Plaintiffs claim they were victims of this scheme, and they bring claims for (i) violating the RICO Act, (ii) violating New York General Business Law Sections 349 and 350, (iii) fraudulent conveyance, (iv) fraud, (v) negligent misrepresentation, and (vi) conversion. *Id*. at ¶¶ 156–93.

After plaintiffs filed suit, a grand jury in the Eastern District of New York returned an indictment charging Yarin and Michael Nadel with conspiracy to commit wire fraud and other crimes. *Id*. at ¶ 135. The indictment alleges that defendants "agreed to defraud customers and potential customers of the State to State Companies . . . by misrepresenting the estimated charges for their moving services and then requiring customers to pay additional fees" and that "if customers of the State to State Companies refused to pay the additional fees, . . . the defendants . . . threatened to keep the customers' belongings in storage, and to charge and remit additional storage fees to the customers." Indictment ¶¶ 13, 18 (Dkt. #83-1). With respect to conspiracy to commit wire fraud, the indictment alleges:

> In or about and between February 2018 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL NADEL and YARIN NADEL, also known as "Joe Nadel," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud customers and potential customers of the State to State Companies, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

*Id*. at ¶ 41. Plaintiffs are not mentioned or discussed in the indictment. *See generally ibid*.

In June 2021, Yarin and Michael Nadel pleaded guilty to the wire-fraud charge. FAC ¶¶ 139, 142; *see* Michael Nadel Guilty Plea (Dkt. #83-2); Yarin Nadel Guilty Plea (Dkt. #83-3).

2

The parties have not provided the Court with a copy of the plea transcript or a plea agreement. *See* Apr. 3, 2023 Order (notifying the parties of this deficiency).

In November 2022, plaintiffs requested a pre-motion conference regarding a proposed motion for summary judgment. *See* Mot. for Leave to File Mot. for Summ. J. (Dkt. #83). Plaintiffs argued that "Defendants' guilty plea constitutes an admission to the civil claims asserted by Plaintiffs and is dispositive with respect to liability on a motion for Summary Judgment." *Id*. at 4. The Court held a conference and advised plaintiffs that their "submissions do not establish that defendants pleaded guilty as to the specific facts, issues, or conduct underlying this civil action." Jan. 30, 2023 Minute Entry & Order. After receiving two supplemental submissions from plaintiffs, *see* Feb. 6, 2023 Letter (Dkt. #90); Mar. 24, 2023 Letter (Dkt. #93), the Court notified the parties that it would "construe[] plaintiffs' pre-motion conference letters regarding collateral estoppel as their summary judgment motion on the issue," Apr. 3, 2023 Order. The Court gave plaintiffs until April 10, 2023 "to supplement the letters with any additional argument or submission." Apr. 3, 2023 Order. No supplemental submissions were filed.

## DISCUSSION

Plaintiffs' motion for summary judgment is denied.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a factual dispute is material if it "might affect the outcome of the suit under the governing law." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (citation omitted). In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all permissible factual inferences in favor of

the non-movant. *Ibid*. A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Plaintiffs have not established that there are no genuine issues of material fact as to defendants' liability. Their only argument is that defendants are collaterally estopped from disputing their civil liability to plaintiffs because the Nadels pleaded guilty to the wire-fraud-conspiracy charge against them. *See* Mot. for Leave to File Mot. for Summ. J. 1–4; Feb. 6, 2023 Letter 1–2; Mar. 24, 2023 Letter 1–4. Under New York law, "[a] party in a civil action may be collaterally estopped from challenging liability when that party has pleaded guilty to criminal charges addressed to the same incident." *Olsson v. MacDonald*, 792 N.Y.S.2d 250, 251 (2005). But collateral estoppel applies only if there is "an identity of issues and the party to be precluded from relitigating an issue . . . had a full and fair opportunity to contest the prior determination." *Ibid*. (citation and quotation marks omitted). "[T]he identical issue necessarily must have been decided in the prior action and be decisive of the present action." *Kaufman v. Eli Lilly and Co.*, 482 N.E.2d 63, 67 (N.Y. 1985).

Plaintiffs have not established an "identity of issues" between this civil lawsuit and the Nadels' criminal case. *Olsson*, 792 N.Y.S.2d at 251. To prevail in this civil case, plaintiffs would need to establish not only that defendants violated the RICO statute and state law, but also that plaintiffs were victims of the fraudulent scheme. But the Nadels' guilty pleas do not establish that key fact. While the indictment charging those defendants with conspiring to commit wire fraud refers to a fraudulent scheme involving defendants' interstate moving companies, it does not refer to any of the plaintiffs, or to the specific incidents giving rise to plaintiffs' claims. And plaintiffs

4

have not provided any additional documents establishing that the Nadels pleaded guilty to conduct involving plaintiffs specifically—such as plea transcripts or plea agreements tying the Nadels' criminal conduct to plaintiffs. Accordingly, plaintiffs have not shown that the Nadels "pleaded guilty to criminal charges *addressed to the same incident*" at issue in this civil action. *Ibid.* (emphasis added). Summary judgment is therefore denied.

## CONCLUSION

The motion for summary judgment is denied.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: May 2, 2023
Brooklyn, New York